WO                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 20-00227-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On January 30, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed In Forma Pauperis. In a February 4, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure. The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On March 3, 2020, Plaintiff filed a Motion for Default Judgment. In a March 6, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and denied the Motion for Default Judgment. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 23, 2020, Plaintiff filed a Second Amended Complaint (Doc. 10) and another Motion for Default Judgment (Doc. 11). On March 24, 2020, he filed a Motion for Injunction (Doc. 12). The Court will dismiss the Second Amended Complaint and this action and will deny the pending motions.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II. Second Amended Complaint**

In his two-count *Bivens* Complaint, Plaintiff sues Defendant United States and seeks 899 million dollars in damages.

In Count One, Plaintiff raises a due process claim, claiming the City of Tempe and Tempe Police Department are subparts of the State of Arizona, which is a subpart of the United States, and, therefore, "under the United States Constitution." He asserts the City of Tempe and Tempe Police Department are government entities of the United States and "do not maintain policies or customs to violate the federal Constitution."

In Count Two, Plaintiff raises a due process claim regarding his access to the courts. He claims the Court denied him a default judgment. He asserts that his "legal documents had case numbers" and that "the Court claims 'that the City of Tempe and Tempe Police Dept. are not parties under the United States to this lawsuit,' . . . [b]ut the defendants accept federally funded money."

**III. Failure to State a Claim**

A remedy does not exist under *Bivens* against the United States because a *Bivens* action is only available against federal *officers*, not against the United States or agencies of the federal government. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). Thus, the Court will dismiss Defendant United States and the Second Amended Complaint.

**IV. Dismissal Without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**V.     Motion for Default Judgment**

An entry of default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendant has not been served and, therefore, was not required to file a response. *See* Fed. R. Civ. P. 12(a). Thus, the Court will deny Plaintiff's Motion for Default Judgment.

**VI.    Motion For Injunction**

An injunction or restraining order is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claims. Because the Court has dismissed the Second Amended Complaint and this action, the Court will deny the Motion for Injunction.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

. . . .

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) Plaintiff's Motion for Default Judgment (Doc. 11) and Motion for Injunction (Doc. 12) are **denied**.

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 30th day of March, 2020.

Michael T. Liburdi
United States District Judge