WO                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Alfred E. Caraffa, | No. CV 20-00227-PHX-MTL (ESW) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On January 30, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed In Forma Pauperis. In a February 4, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure. The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On March 3, 2020, Plaintiff filed a Motion for Default Judgment and a First Amended Complaint. In a March 6, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and denied the Motion for Default Judgment. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 23, 2020, Plaintiff filed a Second Amended Complaint and another Motion for Default Judgment. On March 24, 2020, he filed a Motion for Injunction. In a March 30, 2020 Order, the Court dismissed the Second Amended Complaint and this action and denied the pending motions. The Clerk of Court entered Judgment the same day.

On March 27, 2020, Plaintiff filed a "Motion for Support of Civil Action and Re-Open Case" (Doc. 15).[1] In his Motion, Plaintiff appears to take issue with the Court's March 6, 2020 Order regarding his First Amended Complaint. He requests the Court re-open this case and "amend it to case 19-CV-05492-PHX-MTL (ESW) as new evidence has been provided by the Phoenix Police Dept."

Because Plaintiff filed a Second Amended Complaint, the Court rejects his challenges to the Court's rulings on the First Amended Complain. After a plaintiff files a second amended complaint, the Court treats the first amended complaint as non-existent, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990), and any cause of action that was raised in the first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

In addition, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.

---

[1] Although the Motion was filed on March 27, the Court was unaware of it when the Court issued the March 30, 2020 Order because the Clerk of Court did not docket it until March 31, 2020.

1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the First and Second Amended Complaints, the March 6 and 30 Orders, and Plaintiff's Motion, and concludes that nothing in the Motion would have altered the March 6 or March 30 Orders. Thus, the Court will deny Plaintiff's Motion.

**IT IS ORDERED:**

(1) Plaintiff's "Motion for Support of Civil Action and Re-Open Case" (Doc. 15) is **denied**. This case must remain **closed**.

(2) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 3rd day of April, 2020.

Michael T. Liburdi
United States District Judge